STATE OF NORTH CAROLINA v. BARRY MICHAEL GROOMS

No. COA96-609

(Filed 15 April 1997)

**Searches and Seizures § 77 (NCI4th)— roadblock—approved by sheriff—every vehicle stopped—no violation of Fourth Amendment rights**

In a prosecution for driving while subject to an impairing substance, the trial court did not err in denying defendant's motion to suppress evidence obtained as a result of defendant being stopped at a police roadblock where the evidence indicated that the roadblock was approved by the sheriff and was not a totally discretionary action, and every vehicle that approached the roadblock was stopped for the purpose of locating people with outstanding warrants, making a license check, and checking for stolen vehicles. Therefore, defendant's Fourth Amendment rights under *Delaware v. Prouse*, 440 U.S. 648, 52 L.Ed. 2d 660 (1979), were not violated.

**Am Jur 2d, Searches and Seizures § 75.**

**Validity of routine roadblocks by state or local police for purpose of discovery of vehicular or driving violations. 37 ALR4th 10.**

STATE v. GROOMS

[126 N.C. App. 88 (1997)]

Appeal by defendant from order entered 28 March 1996 by Judge Donald R. Huffman in Anson County Superior Court. Heard in the Court of Appeals 20 February 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Cheryl A. Perry, for the State.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for defendant-appellant.*

LEWIS, Judge.

The sole issue in this appeal is the constitutionality of the road-block established by Anson County deputies. Defendant was stopped at the roadblock and charged with driving while subject to an impairing substance. He moved to suppress the evidence obtained against him on the ground that the roadblock was unconstitutional. The trial court denied his motion. Defendant preserved his right of appeal before pleading guilty to the charge. He now appeals the denial of his motion to suppress.

At the suppression hearing, the State presented evidence that on 7 June 1995 at approximately 5:30 p.m., six Anson County deputy sheriffs, under authority from the sheriff, established a roadblock to check for drivers' licenses, stolen vehicles and individuals for whom they had outstanding arrest warrants. At approximately 6:35 p.m., defendant approached the roadblock in his Chevrolet truck. Sgt. D. M. Morton asked defendant for his driver's license, noticed a strong odor of alcohol and asked defendant to get out of his vehicle. Sgt. Morton then observed eight to twelve empty beer cans in the bed of defendant's truck. After defendant performed various sobriety tests, Sgt. Morton concluded that he had "consumed a sufficient amount of impairing substance to appreciably impair his mental and physical faculties."

Defendant presented no evidence.

On appeal, defendant cites *Delaware v. Prouse,* 440 U.S. 648, 59 L. Ed. 2d 660 (1979), to support his contention that the roadblock was unconstitutional. In *Prouse,* the United States Supreme Court ruled that a random stop of a vehicle to check for license and registration violates the Fourth Amendment. *Prouse,* 440 U.S. at 633, 59 L. Ed. 2d at 673. However, the Court stated: "This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the

unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative." *Id.* at 663, 59 L. Ed. 2d at 673-74.

It is clear that *Prouse* only prohibits random checks of automobiles at the officer's unbridled discretion. It does not prohibit this type of roadblock where all cars are stopped in order to check for licenses, stolen vehicles and individuals who have arrest warrants outstanding.

Our interpretation of *Prouse* finds support in *State v. Sanders*, 112 N.C. App. 477, 435 S.E.2d 842 (1993), where this Court upheld the constitutionality of a roadblock stopping every car passing through to check for drivers' licenses. *Sanders*, 112 N.C. App. at 480, 435 S.E.2d at 844. The *Sanders* Court found the roadblock, which was much like the one at issue here, in "compliance with the principles enunciated in *Prouse*." *Id.* at 479, 435 S.E.2d at 844.

On appeal from a ruling on a motion to suppress, a trial court's findings of fact are conclusive if supported by competent evidence. *State v. Braxton*, 344 N.C. 702, 709, 477 S.E.2d 172, 176 (1996). If the findings of fact support the conclusions of law, the conclusions are binding on appeal. *State v. West*, 119 N.C. App. 562, 565, 459 S.E.2d 55, 57, *appeal dismissed and disc. review denied*, 341 N.C. 656, 462 S.E.2d 524 (1995).

In the present case, the trial judge found that the roadblock was approved by the sheriff and was not a totally discretionary action. He further found that "every vehicle that crossed through the point of the roadblock at 1730 and road 1703 was stopped for the purpose of locating people who had outstanding arrest warrants, making a license check of the operators of the vehicles passing by, and checking for stolen vehicles."

We hold that these facts are supported by competent record evidence. We further hold that these findings of fact support the conclusion that the roadblock at issue was not unconstitutional. It was not a random stop and did not involve an "unconstrained exercise of discretion." As long as every driver is subject to the same check, law enforcement has a legitimate tool to get drunks off the roads, recover stolen vehicles and find persons not served with outstanding warrants or summons. We therefore discern no violation of defendant's Fourth Amendment rights under *Prouse* and affirm the trial court's denial of defendant's motion to suppress.

Affirmed.

Judges WYNN and MARTIN, Mark D., concur.